UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**WENDY SHERMAN,**

     **Plaintiff,**

  v.                                  Case No. 2:22-cv-4161
                                      JUDGE EDMUND A. SARGUS, JR.
                                      Magistrate Judge Kimberly A. Jolson

**PUBLIC EMPLOYEES RETIREMENT
SYSTEM,** *et al.***,**

     **Defendants.**

## ORDER

     This matter is before the Court on Plaintiff's Motion for Reconsideration (ECF No. 30), the Motion for Leave to File Memorandum of Amicus Curiae by the Ohio Employment Lawyers Association ("OELA") (ECF No. 31), Defendants' Motion for Reconsideration (ECF No. 33), and Defendants' Motion to Dismiss for Failure to Prosecute (ECF No. 40).  For the reasons below, the Court **GRANTS in part** Plaintiff's Motion for Reconsideration, **GRANTS** OELA's Motion for Leave, **DENIES** Defendants' Motion for Reconsideration, and **GRANTS** Defendants' Motion to Dismiss for Failure to Prosecute.

## BACKGROUND

     The Court previously granted in part Defendants' Motion for Judgment on the Pleadings. (ECF No. 26.) Relevant to this Order, the Court granted Defendants' Motion for Judgment on the Pleadings regarding Plaintiff's retaliation claim under Ohio Revised Code § 4112.02(I) and aiding and abetting claim under Ohio Revised Code § 4112.02(J).

     Plaintiff then filed a motion for reconsideration regarding her claims for retaliation and aiding and abetting (ECF No. 30), which the OELA joined in support of (ECF No. 31).  Defendants

1

opposed Plaintiff's Motion and filed their own motion for reconsideration, requesting dismissal of Plaintiff's *Ex parte Young* claim. (ECF No. 33, at PageID # 194.)

After the motion for reconsideration by Plaintiff and motion for leave by OELA, Plaintiff's counsel withdrew from representation. Defendants then moved to dismiss this case for Plaintiff's failure to prosecute, noting that Plaintiff twice failed to appear for depositions. (ECF No. 38, at PageID # 216.) The Court denied Defendants' Motion without prejudice and ordered Defendants to propose additional dates to depose Plaintiff. (ECF No. 39.) Because Plaintiff failed to respond to Defendants' counsel, Defendants renew their motion to dismiss Plaintiff's claims with prejudice for want of prosecution. (ECF No. 40.)

## STANDARD OF REVIEW

### I. Motions for Reconsideration

A district court has "inherent power to reconsider interlocutory orders," and "may modify, or even rescind, such interlocutory orders." *Leelanau Wine Cellars, Ltd. v. Black & Red, Inc.*, 118 F. App'x 942, 945 (6th Cir. 2004) (citations omitted). In the Sixth Circuit, courts grant motions for reconsideration where there is "(1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quotation omitted). To discourage the filing of endless motions for reconsideration and in the interest of "grant[ing] some measure of finality even to interlocutory orders . . . courts should grant motions for reconsideration sparingly" and "only if the prior decision appears clearly to be legally or factually erroneous." *King Lincoln Bronzeville Neighborhood Ass'n v. Blackwell*, No. 2:06-cv-0745, 2009 U.S. Dist. LEXIS 120011, at *4 (S.D. Ohio Dec. 22, 2009). Such motions are "not intended to re-litigate issues previously considered by the Court or to present evidence that could have been raised

earlier." *Northeast Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009). "This standard obviously vests significant discretion in district courts." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959, n.6 (6th Cir. 2004).

## II.     Failure to Prosecute

The United States Court of Appeals for the Sixth Circuit has instructed district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Id.*

## ANALYSIS

First, the Court addresses the parties' motions for reconsideration. Second, the Court addresses Defendants' motion to dismiss for Plaintiff's failure to prosecute.

### I.     Motions for Reconsideration

#### A.     Plaintiff's Motion for Reconsideration

Plaintiff moved for reconsideration of this Court's decision dismissing her state-law claims against her supervisors ("Individual Defendants"). The Court dismissed Plaintiff's claims against the Individual Defendants, reasoning that the Employment Law Uniformity Act ("ELUA") absolved supervisory liability for Plaintiff's claims under Ohio Revised Code § 4112.02(I) and (J).

3

Prior to ELUA, persons could bring discrimination and retaliation claims under Ohio Revised Code § 4112 against their employer or supervisor, or both. *See Genaro v. Cent. Transport, Inc.*, 703 N.E.2d 782 (Ohio 1999) (holding that the statute's definition of "employer" included supervisors). Separately, § 4112 provided for individual liability for retaliation and aiding/abetting claims against "any person." (OELA Amicus Mem., ECF No. 31-1, at PageID # 172.) ELUA was enacted, in part, to supersede *Genaro* and absolve supervisory liability for claims against "employers." Ohio Rev. Code Ann. tit. XLI, Ch. 4112, Refs & Annos (West) ("The General Assembly, in amending section 4112.01 and division (A) of section 4112.08 of the Revised Code pursuant to this act, hereby declares its intent to supersede the effect of the holding of the Ohio Supreme Court in *Genaro* . . . . The General Assembly further declares its intent that individual supervisors, managers, or employees not be held liable under Chapter 4112 of the Revised Code for unlawful discriminatory practices relating to employment that are described in division (A)(24)(a) of section 4112.01 of the Revised Code, as amended by this act.").

ELUA preserved both claims against individuals and an employer for unlawful discriminatory practices relating to employment, but separated employer-based claims from individual-based claims for supervisory liability purposes. (*Id*.) Ohio Revised Code § 4112.01(A)(24) states:

> "Unlawful discriminatory practice relating to employment" means both of the following:
>
> (a) An unlawful discriminatory practice that is prohibited by division (A), (B), (C), (D), (E), or (F) of section 4112.02 of the Revised Code;
>
> (b) An unlawful discriminatory practice that is prohibited by division (I) or (J) of section 4112.02 of the Revised Code that is related to employment.

Ohio Rev. Code § 4112.01(A)(24).

4

While one of ELUA's most significant changes was to absolve supervisory liability, it did not preempt all supervisory liability. (OELA Amicus Mem., ECF No. 31-1, at PageID # 171–73.) The statute reads:

> "[N]o person has a cause of action or claim based on an unlawful discriminatory practice relating to employment described in *division (A)(24)(a)* of section 4112.01 of the Revised Code against a supervisor, manager, or other employee of an employer unless that supervisor, manager, or other employee is the employer."

Ohio Rev. Code § 4112.08(A) (emphasis added). ELUA limited its preemption to "unlawful discriminatory practices relating to employment described in division *A(24)(a)* . . . ." *Id.* (emphasis added). It did not extend this same preemption to claims under subdivision A(24)(b), which includes claims brought under § 4112.02(I) (retaliation) or § 4112.02(J) (aiding and abetting discrimination or retaliation).

Now, due to these amendments to Ohio Revised Code § 4112, the statute treats employer-based claims separate from individual-based claims. Indeed, several Ohio Courts of Appeals have held the same and recognized that employees may still bring § 4112.02(I) and (J) claims against supervisors. *See, e.g.*, *Bostick v. Salvation Army*, 213 N.E.3d 730, 745 (Ohio Ct. App. 2023); *Anderson v. Bright Horizons Child.'s Ctrs., LLC*, 2022-Ohio-1031, ¶ 75 (Ohio Ct. App. 2022); *Burch v. Ohio Farmers Ins. Co.*, 211 N.E.3d 202, 209 (Ohio Ct. App. 2023) ("Under the ELUA, an individual supervisor will only face individual liability if (1) the supervisor is an employer, or (2) the claim involves retaliation for opposing discrimination, aiding a discriminatory practice, or obstructing a person from complying with the Ohio Civil Rights law. *See* R.C. [§] 4112.01(A)(24)(a); R.C. [§] 4112.08(A)."); *see also Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 927 (N.D. Ohio 2022) ("The legislature eliminated that language and declared its intent that 'individual supervisors, managers, or employees not be held liable' for certain unlawful employment practices under Ohio Rev. Code Ann. § 4112.02, including sex discrimination.

5

However, that change does not apply to § 4112.02(I), claims for retaliation, or § 4112.02(J), claims for aiding and abetting discrimination or retaliation.").

The Court agrees with these holdings and revisits its reasoning for dismissing Plaintiff's claims for violations of Ohio Rev. Code §§ 4112.02(I) and (J). The Court treated subsections § 4112.01(A)(24)(a) and (b) the same, while the statute only absolves supervisory liability for unlawful discriminatory practices identified under § 4112.01(A)(24)(a). Here, Plaintiff brought claims for violations of Ohio Rev. Code §§ 4112.02(I) and (J), which are identified under § 4112.01(A)(24)(b) and are the precise claims which numerous Ohio Courts of Appeals have held as proper.

Accordingly, the Court **GRANTS in part** Plaintiff's Motion for Reconsideration on this point and **MODIFIES** its prior decision regarding Plaintiff's claims against the Individual Defendants under Ohio Rev. Code §§ 4112.02(I) and (J). All other parts of the Court's opinion remain the same.[1]

### B. Defendants' Motion for Reconsideration

Defendants also move for reconsideration of this Court's order on judgment on the pleadings. Defendants argue that the Court should have dismissed Plaintiff's FMLA claims against the Individual Defendants because "[t]here is no indication in the Complaint that Plaintiff sought to sue them for reinstatement under the *Ex parte Young* doctrine." (Def. Mot., ECF No. 33, at PageID # 194.)

Defendants' Motion for Reconsideration is not well taken. The Court applied a liberal construction of Plaintiff's Complaint—as it is required to do at the pleadings stage—and concluded that, because the Complaint was silent on whether she brought individual or official capacity

---

[1] While the Court modifies its prior decision, Plaintiff may not proceed with her claims for the reasons discussed in Section II of this Order. Thus, the Court only grants Plaintiff partial relief.

6

claims and requested injunctive relief, Plaintiff met her burden of alleging a plausible *Ex parte Young* claim.

For these reasons, the Court **DENIES** Defendants' Motion for Reconsideration.

## II.     Failure to Prosecute

Defendants move to dismiss Plaintiff's Complaint for failure to prosecute. Defendants repeatedly attempted to contact Plaintiff via electronic and physical mail, yet she never responded. (ECF No. 40, at PageID # 221.) Additionally, Plaintiff missed two prior depositions before failing to respond to Defendants. (*Id.*) Accordingly, Plaintiff's claims are **DISMISSED with prejudice** for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b).

## CONCLUSION

For the reasons stated above, the Court **GRANTS in part** Plaintiff's Motion for Reconsideration (ECF No. 30) and **MODIFIES** its Order on Judgment on the Pleadings (ECF No. 26), **GRANTS** the OELA's Motion for Leave (ECF No. 31), **DENIES** Defendants' Motion for Reconsideration (ECF No. 33), and **GRANTS** Defendants' Motion to Dismiss for want of prosecution (ECF No. 40).

Accordingly, Plaintiff's claims are **DISMISSED with prejudice** for want of prosecution. The Clerk is **DIRECTED** to terminate this case and enter judgment.

     IT IS SO ORDERED.

**8/1/2024**                                                                        **s/Edmund A. Sargus, Jr.**
**DATE**                                                                             **EDMUND A. SARGUS, JR.**
                                                                                     **UNITED STATES DISTRICT JUDGE**